# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NOLAN BAKER,

    Plaintiff,

v.                                                                                                                            No: 1:19-cv-00501-RB-JFR

NAVIENT SOLUTIONS, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    The burden of government loans to fund higher education is lost on most teenagers attending college. Yet once they walk across the stage at graduation, debt begins to weigh heavily upon their shoulders. Payments begin; interest piles up. What started as a small loan is now hundreds of thousands of dollars in debt. Plaintiff Nolan Baker's story is a familiar one to millions of students. He took out a $20,000 loan, slowly made payments, deferred them, defaulted, and now sees an account balance totaling $79,018.27. Baker brings suit against Defendant Navient Solutions, LLC (Navient) in a pro se Complaint that alleges he overpaid his loans. While the Court recognizes the challenges posed by the student debt crisis, it also acknowledges that redress is limited. In this instance, Baker does not meet the pleading standard necessary to move his case forward, so the Court is left with no choice but to dismiss his Complaint.

**I.    Background**

    **a.  CFPB Complaints**

    Beginning in 2017, Baker filed multiple grievances with the Consumer Financial Protection Bureau (CFPB) regarding his student loan account. (Doc. 1-1 at 24.) Baker stated that "[t]he original loan was in the amount of $20,000." (*Id.* at 2.) During the repayment process, the loan entered a deferred status for some time, and Baker "stopped making payments for a period of

time after [his] lawyer told [him] that this debt was fully discharged in bankruptcy court." (*Id.*) As a result, the loan account entered a default status. (*Id.*)

Baker hired an attorney to represent him before the Department of Education (DOE) to address "the aggressive tactics taken by NCO Financial Systems and their attempt to garnish . . . wages." (*Id.*) In the meantime, Navient acquired NCO Financial Systems. (*Id.*) Baker contends that Navient shows "a total current balance of $70,683.66 on a $20,000.00 original student loan that [he has] paid approximately $85,000.00 to $90,000.00 towards over the years since its inception." (*Id.* at 3.) He also claims that Navient "refuses to acknowledge the amounts that were garnished (15% net income) from [his] paycheck from 2006 to 2011." (*Id.*)

In response to the CFPB complaint, Navient stated that it did not begin servicing the loan until May 2012. (*Id.* at 24.) At that time, the balance was $54,079.00, and the last payment was received in May 2016. (*Id.*) Navient also stated that it was not responsible for the wage garnishment, and that Baker would need to direct any complaints or questions to NCO. (*Id.* at 24–25.)

b. **Procedural History**

On April 26, 2019, Baker sued Navient in New Mexico state court. (*Id.* at 1.) In his Complaint, Baker alleges that he is owed $45,000 in overpayments, in addition to the legal costs of this action. (Compl. ¶ 1.)[1] He states that the account was "paid in full in 2012 when Defendant(s) obtained the loan documents from NCO Financial Systems/TSI." (*Id.* ¶ 2.) Baker also suggests that Navient "harassed" him "into continuing to make substantial payments to them in order to fulfill their false claim that the student loan was not paid in full and that they would take legal

---

[1] The first page of Doc. 1-1 is Baker's Complaint filed in New Mexico state court. The rest of the document includes attachments and grievances filed with the CFPB. For purposes of this opinion, "Compl." will refer to this first page, and other Doc. 1-1 citations will include a page number.

action if [he] refused to pay." (*Id.* ¶ 3.) Baker further asks the Court to "remove any incorrect and damaging, derogatory, or false information from credit reports in regards to this student loan." (*Id.* ¶ 4.)

On May 31, 2019, Navient removed the case to federal court, within the 30-day period after service. (Doc. 1 at 2 (citing 28 U.S.C. § 1446(b)).) Navient claims that its principal place of business is Reston, Virginia and that it is incorporated in Delaware. Given that Baker is a citizen of New Mexico, diversity jurisdiction exists. Further, Baker seeks $45,000 in overpayments and asks the court to remove the current balance ($79,018.27) from his account—meeting the amount in controversy requirement. (*Id.* at 3.) Navient also states that federal question jurisdiction exists because the credit reporting claims fall under the Fair Credit Reporting Act (FCRA).

Navient filed this Motion to Dismiss Plaintiff's Complaint on June 20, 2019, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Baker, however, never filed a response to the Motion. As a result, the Court will treat Baker's argument as waived (*see* D.N.M. LR-Civ. 7.1(b)) but will discuss the merits of the case.

## II.     Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but it need not include "*detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added) (citation omitted). Inadequate pleading allows district courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the Court first accepts "well-pleaded allegations as of the complaint true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quotation marks and citation omitted). Then it assesses whether the complaint contains "a

plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The Supreme Court holds that no probability requirement exists, but a *plausibility* standard still governs, which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citation omitted). Thus, courts should dismiss claims when it is "obvious" that there is no way to prevail with the available facts. *See Brown v. Sherrod*, 284 F. App'x 542, 543 (10th Cir. 2008) (citation omitted).

## III. Discussion

Baker proceeds in this matter pro se, so the Court will "construe his complaint liberally. *Huggins v. Safeway, Inc.*, 210 F. App'x 819, 820 (10th Cir. 2007) (citation omitted); *see also Jung Sik Kim v. Kansas*, 211 F. App'x 674, 675 (10th Cir. 2006). Though Baker cites no causes of action nor asserts any legal theories to support his claims, the Court will only dismiss a pro se complaint for failure to state a claim "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). That said, a generous reading of the Complaint does not bind the Court to accept "conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

First, Baker contends that the loan is already paid off and that he is entitled to the overpayment amounts. (Compl. ¶¶ 1–2.) Baker cites no specific cause of action, but the Tenth Circuit has held that "the Higher Education Act, and the regulations promulgated thereunder, does not create a private cause of action, and there is nothing in the Act's language, structure or legislative history from which a congressional intent to provide such a remedy can be implied." *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992). Employing the four factors from *Cort v. Ash*, 422 U.S. 66, 78 (1975), the *L'ggrke* court held that "[n]o provision provides for student

4

enforcement or entitlement to civil damages. Rather, . . . Title IV's provisions demonstrate that Congress vested exclusive enforcement authority in the Secretary of Education." *L'ggrke*, 966 F.2d at 1348. As such, any private right of action would conflict with the statute's purpose. *See id.* Baker's request for overpayments falls short for a host of reasons, but this Court need not address the merits of his overpayments claim. It fails from the outset. No private right of action exists in this matter, and this Court will not disregard Tenth Circuit precedent and congressional design to create one.

Next, Baker alleges that Navient harassed him throughout the repayment process. The Complaint offers no detail or specific allegations of harassment in the lone sentence addressing this issue. (Compl. ¶ 3.) Pleading does not require probability, but it does require plausibility. To clear this low barrier, a complaint must assert facts that fit the legal allegations, not merely list conclusory statements. *See Iqbal*, 556 U.S. at 679. Baker claims that Navient requested he make his payments and threatened legal action if he remained delinquent. Yet those actions seem consistent with lenders seeking payments from defaulting borrowers. To meet pleading standards, Baker would need to offer more detailed factual allegations about how Navient's behavior fell outside the bounds of lawful lending practices. The Court can give pro se plaintiffs the benefit of the doubt, but it cannot retroactively construct a narrative and fill in factual gaps to fix conclusory statements. Therefore, the Court will dismiss the harassment claim against Navient.

Finally, Baker alleges that Navient's collection practices damaged his credit score. In light of this allegation, the Court will treat this as an FCRA claim. *See* 15 U.S.C. § 1681s-2(b). To make this claim, an individual would need to (i) report the dispute with a credit reporting agency (CRA), (ii) show that the CRA notified the lender of the inaccurate information, and (iii) show that the lender neglected to investigate or correct the information. *Willis v. Capital One Corp.*, 611 F.

5

App'x 500, 502 (10th Cir. 2015). While Baker does ask to remove the "damaging, derogatory, or false information from credit reports," (Compl. ¶ 4), it is again beyond this Court's role to circumvent straightforward directives from Congress. He may have a legitimate claim to correct his credit information, but he must proceed according to the FCRA. Baker's Complaint includes none of the requirements listed above, so the Court will also dismiss this claim.

**THEREFORE**,

**IT IS ORDERED** that Navient's Motion to Dismiss Baker's Complaint (Doc. 7) is **GRANTED** and this case is **DISMISSED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**